UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Case No.

| | |
|---|---|
| **BRIANNA WORMLEY,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>**SOUTHWEST CREDIT SYSTEMS, L.P.,** a Texas L.P.,<br><br>*Defendant*. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Brianna Wormley brings this action against Defendant Southwest Credit Systems, L.P. to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

2. Defendant is a debt servicing and collections company.

3. Defendant also uses autodialers to attempt to collect debt, even after having been directed by those consumers to stop contacting them using autodialers.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, statutory damages on behalf of themselves and members of the Class, and any other available legal or equitable remedies.

### JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute.

6. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

7. The Court has personal jurisdiction over Defendant because Defendant directs, markets, and provides its business activities throughout the State of Texas. Further, this Court has personal jurisdiction over Defendant because Defendant's tortious conduct against Plaintiff occurred in part within this District and, on information and belief, Defendant committed the same wrongful acts to other individuals within this judicial district, such that some of Defendant's acts have occurred within this district, subjecting Defendant to jurisdiction here.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

9. Plaintiff is a natural person who, during all times relevant to this action, was a citizen of and domiciled in Tarrant County, Texas.

10. Defendant is a Texas limited partnership with its headquarters located at 4120 INTERNATIONAL PKWY STE 1100 CARROLLTON, TX 75007-1958. Defendant directs, markets, and provides its business activities throughout the state of Texas.

11. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## THE TCPA

12. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system ("ATDS"); (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

13. The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

14. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

15. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

16. Consent under the TCPA can be revoked. *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255 (11th Cir. 2014) (holding that prior consent under 47 U.S.C. § 227(b)(1)(A)(iii) may be revoked orally; noting "that allowing consent to be revoked orally is consistent with the 'government interest articulated in the legislative history of the Act [that] enabl[es] the recipient to contact the caller to stop future calls.'"); In the Matter of Rules and Regulations Implementing the Tel. Consumer Protection, 30 FCC Rcd. 7961, 7996 ¶¶47, 64 ("[A] called party may revoke consent at any time and through any reasonable means. A caller may not limit the manner in which revocation may occur. Moreover, we emphasize that regardless of the means by which a caller obtains consent, under longstanding Commission precedent, if any question arises as to whether prior express consent was provided by a call recipient, the burden is on the caller to prove that it obtained the necessary prior express consent. . . . Consumers have a right to revoke consent, using any reasonable method including orally or in writing.").

17. In regards to what constitutes an ATDS, the Ninth Circuit has explained "that the statutory definition of ATDS includes device that stores telephone numbers to be called, whether

3

or not those numbers have been generated by a random or sequential number generator." *Marks v. Crunch San Diego, LLC*, 904 F. 3d 1041, 1043 (9th Cir. 2018).

18. The Ninth Circuit has further explained that "By referring to the relevant device as an '<u>automatic</u> telephone <u>dialing</u> system,' Congress made clear that it was targeting equipment that could engage in automatic dialing, rather than equipment that operated without any human oversight or control." *Marks,* 904 F. 3d at 1052 (citing 47 U.S.C. § 227(a)(1)) (emphasis in *Marks*).

## FACTS

19. Beginning in February 2020, Defendant began placing calls using an ATDS to Plaintiff's cellular telephone number ending in 9758 ("9758 Number").

20. Plaintiff has never given Defendant consent to call them using an ATDS.

21. In approximately June 2020, and after being subjected to numerous calls, Plaintiff instructed Defendant to no longer contact them at the 9758 Number.

22. Despite this, Defendant continued to call the 9758 Number using an ATDS.

23. Upon Plaintiff answering the phone for some of the calls place by Defendant, Plaintiff heard a pause before they were greeted by a live person. This pause is indicative of ATDS technology.

24. To place the calls, Defendant used a calling platform (the "Platform") that permitted Defendant to transmit thousands of calls without any human involvement.

25. The Platform has the capacity to store telephone numbers, which capacity was in fact utilized by Defendant.

26. The Platform has the capacity to generate sequential numbers, which capacity was in fact utilized by Defendant.

27. The Platform has the capacity to dial numbers in sequential order, which capacity was in fact utilized by Defendant.

28. The Platform has the capacity to dial numbers from a list of numbers, which capacity was in fact utilized by Defendant.

29. The Platform has the capacity to dial numbers without human intervention, which

capacity was in fact utilized by Defendant.

30. At the time Plaintiff received these calls Plaintiff was the subscriber and/or sole user of the 9758 Number.

31. Upon information and belief, Defendant caused similar calls to be placed to individuals residing within this judicial district and throughout the United States.

32. Defendant's unsolicited calls caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to her daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

33. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and all others similarly situated.

34. Plaintiff brings this case on behalf of the Class defined as follows:

> **All persons within the United States to who, within the four years prior to the filing of this Complaint, Defendant or anyone on Defendant's behalf, placed a telephone call, using the same type of equipment used to call Plaintiff, to said person's cellular telephone number, without emergency purpose and without the recipient's express consent and/or after having made a request to Defendant to not receive future calls.**

35. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

36. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

37. Upon information and belief, Defendant has placed automated calls to telephone numbers belonging to thousands of consumers throughout the United States without their prior

express consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

38. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

39. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the members of the Class are:

    a) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular or residential telephones using an ATDS;

    b) Whether Defendant can meet its burden of showing that it obtained prior express consent to make such calls;

    c) Whether Defendant's conduct was knowing and willful;

    d) Whether Defendant is liable for damages, and the amount of such damages; and

    e) Whether Defendant should be enjoined from such conduct in the future.

40. The common questions in this case are capable of having common answers.

### TYPICALITY

41. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

42. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

43. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class

is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

44. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Classes)**

45. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

46. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any … using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

47. Defendant – or third parties directed by Defendant – transmitted calls using an ATDS to the cellular telephone numbers of Plaintiff and members of the putative class.

48. These calls were made without regard to whether or not Defendant had the proper consent from the called party to make such calls.

49. In fact, Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made because any consent was explicitly revoked.

50. Defendant has also violated § 227(b)(1) of the TCPA by using an ATDS to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

51. The violations were willful or knowing because Defendant knew that it did not have prior express consent to make these calls.

52. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

53. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had revoked any express consent to receive its messages to their telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Classes;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff seeks for themselves and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff seeks for themselves and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47

U.S.C. § 227(b)(3).

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited ATDS call activity, and to otherwise protect the interests of the Classes; and

g) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: February 4, 2021

Respectfully submitted,

| | |
|---|---|
| */s/ Frank Harber* <br> **Harber Law Group** <br> Frank Harber <br> 771 E Southlake Blvd Suite 111 <br> Southlake, Tx 76092, <br> e. frank@harberlawgroup.com <br> t. 817.886.3299 | **IJH Law** <br> Ignacio J. Hiraldo, Esq. <br> *Pro Hac Vice Application Forthcoming* <br> Florida Bar No. 0056031 <br> 1200 Brickell Ave Suite 1950 <br> Miami, FL 33131 <br> e. ijhiraldo@ijhlaw.com <br> t. 786.496.4469 |
| **HIRALDO P.A.** <br> Manuel S. Hiraldo <br> *Pro Hac Vice Application Forthcoming* <br> Florida Bar No. 030380 <br> 401 E. Las Olas Boulevard Suite 1400 <br> Ft. Lauderdale, Florida 33301 <br> e. mhiraldo@hiraldolaw.com <br> t. 954.400.4713 | |

*Attorneys for Plaintiff and the Proposed Class*